**ENVIRONMENTAL INTEGRITY PROJECT, et al., Appellees**

v.

**E. Scott PRUITT, in His Official Capacity as Administrator, United States Environmental Protection Agency, Appellee**

**State of North Dakota, Appellant**

**No. 17-5010**

**September Term, 2017**

United States Court of Appeals, District of Columbia Circuit.

Filed on: November 28, 2017

Jared Knicley, Natural Resources Defense Council, Washington, DC, Adam M. Kron, Senior Attorney, Environmental Integrity Project, Washington, DC, for Plaintiffs-Appellees

Robert Joel Lundman, Justin David Heminger, Attorney, Jeffrey Heath Wood, Acting Assistant Attorney General, U.S. Department of Justice, (DOJ) Environment and Natural Resources Division, Washington, DC, Laurel M. Celeste, U.S. Environmental Protection Agency, (EPA) Office of General Counsel, Washington, DC, for Defendant-Appellee

Paul Martin Seby, Attorney, Greenberg Traurig, LLP, Denver, CO, Wayne Kevin Stenehjem, Office of the Attorney General, State of North Dakota, Bismarck, ND, for Movant-Appellant

Before: Kavanaugh, Srinivasan, and Pillard, Circuit Judges.

## JUDGMENT

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs and oral arguments of the parties. The Court has afforded the issues full consideration and has determined that they do not warrant a published opinion. See Fed. R. App. P. 36; D.C. Cir. R. 36(d). It is

**ORDERED** and **ADJUDGED** that the District Court's order filed November 18, 2016, be **AFFIRMED**.

The District Court thoroughly analyzed North Dakota's motion to intervene and correctly concluded that North Dakota did not have standing to intervene as of right under Federal Rule of Civil Procedure 24(a)(2). Our cases have held that a putative intervenor has no standing—specifically, has no injury-in-fact—when that putative intervenor alleges that it will be injured by the establishment of a deadline for a federal agency to decide *whether* to promulgate a rule. *See In re Idaho Conservation League*, 811 F.3d 502, 514 (D.C. Cir. 2016); *Defenders of Wildlife v. Perciasepe*, 714 F.3d 1317, 1324-25 (D.C. Cir. 2013). In this case, even with the "special

solicitude" North Dakota is entitled to as a state, *Massachusetts v. EPA*, 549 U.S. 497, 520, 127 S.Ct. 1438, 167 L.Ed.2d 248 (2007), North Dakota has alleged an injury that amounts to nothing more than "the possibility of potentially adverse regulation," *Defenders of Wildlife*, 714 F.3d at 1325. Under our precedents, North Dakota therefore plainly lacks standing to intervene as of right.

The Supreme Court's decision in *Town of Chester v. Laroe Estates, Inc.*, —— U.S. ——, 137 S.Ct. 1645, 198 L.Ed.2d 64 (2017), does not affect that conclusion. *Town of Chester* held that an intervenor as of right must show Article III standing when it seeks relief different from that sought by a party. *Town of Chester* did not address whether an intervenor must show standing when it seeks the same relief as that sought by a party. Our prior precedents therefore remain undisturbed. But even if North Dakota did not have to show standing here, it still could not intervene as of right because it does not have a legally protected interest within the meaning of Rule 24(a). North Dakota's concerns about the mere possibility of a future adverse regulation are "insufficient to show the necessary impairment to [its] interests." *In re Idaho Conservation League*, 811 F.3d at 515.

We have considered all of North Dakota's arguments, and we affirm the order of the District Court.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R. App. P. 41(b); D.C. Cir. Rule 41(a)(1).